### KOHLER v. KIMMEL.

(Supreme Court, Appellate Term, First Department. December 6, 1912.)

MONEY LENT (§ 7*)—EVIDENCE—WEIGHT AND SUFFICIENCY.

.Evidence in an action for money claimed to have been loaned *held* to show there was no loan, but a payment on a purchase, which was forfeited.

[Ed. Note.—For other cases, see Money Lent, Cent. Dig. §§ 11–13; Dec. Dig. § 7.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Andrew Kohler against August A. Kimmel. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed, and new trial ordered.

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

Herman H. Kimmel, of New York City, for appellant.
Benjamin Swartz, of New York City, for respondent.

LEHMAN, J. The plaintiff sues for money which he claims he loaned to the defendant and for money advanced at his request. The defendant claims that the money which he received was a part payment upon the purchase of a half interest in a boat, and that the parties agreed, after they had used the boat for some time, that the plaintiff should make no further payments on the boat, but should release any claim to the boat, and forfeit the part payment in return for the pleasure received.

There was a sharp conflict of testimony between the parties. The plaintiff's testimony is uncorroborated, while the defendant's testimony is corroborated by a friendly, but apparently disinterested, witness. Nevertheless the mere numerical preponderance of witnesses is not legally a preponderance in the weight to be given to their testimony. There are, however, certain significant features which, in my opinion, point unmistakably to the improbability of the plaintiff's story. After the alleged loan was made by plaintiff, and he had a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

right to demand the repayment of this money, he wrote to defendant on July 12th asking him to—

"*advance* me about $25 by Saturday afternoon, if you have it to spare."

And on October 3d he wrote him a letter stating:

"If you can do me a favor, and loan me $10 for about 2½ or 3 weeks, I would return it to you immediately."

The only explanation which plaintiff can vouchsafe as to these letters, that he couched his request as for a loan, when he could have demanded the money as a matter of right, was because he did not wish to appear to press the defendant. The tone of the whole letters is, however, in my opinion, inconsistent with this explanation. Moreover, the defendant introduced a third letter from the plaintiff, which is entirely unexplained, and which seems unmistakably to corroborate the defendant's story that the plaintiff had some interest in the boat which he was willing to relinquish. In that letter the plaintiff wrote:

"For my sake, August, do not sell the boat, as for the little amount that I want you would not have much trouble in giving me, and I would call everything square; therefore you wouldn't have to sacrifice so good a boat as that for a little or nothing on my account."

On the whole record, I have reached the conclusion that the judgment for plaintiff is founded in error, and should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.